[Tagged]



**ORDERED in the Southern District of Florida on April 18, 2016.**

**Erik P. Kimball, Judge**
**United States Bankruptcy Court**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

In re:                                        CASE NO.:13-20774-EPK
                                              CHAPTER 7
JERRY M. JOHNSON,

     Debtor.
_____/
JERRY M. JOHNSON,

     Plaintiff,

v.                                            ADV. PROC. NO.:14-01134-EPK

UNITED STATES OF AMERICA,

     Defendant.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR FINAL**
**SUMMARY JUDGMENT AND GRANTING UNITED STATES'**
**CROSS-MOTION FOR SUMMARY JUDGMENT**

This matter was before the Court for hearing on April 11, 2014 on cross-motions for

summary judgment. After argument, this Court granted the motion for summary judgment

[ECF No. 25] filed by the United States of America (the "IRS"), denied the motion for

summary judgment [ECF No. 14] filed by Jerry M. Johnson (the "Debtor"), and entered final judgment in favor of the IRS determining that the Debtor's tax liabilities for the years 1999, 2000, 2001, 2002, 2003, and 2004 were not subject to discharge in the above-captioned chapter 7 case.

The issue before this Court was whether a debtor may obtain a discharge from a tax debt owed to the IRS if he files a late return. This Court examined the split of authority on the issue and held that a debtor may not obtain a discharge of the tax debt in such a case, because an untimely tax return is not a "return" within the meaning of 11 U.S.C. § 523(a)(1)(B) and the so-called hanging paragraph. In so determining, this Court adopted the reasoning of *McCoy v. Mississippi State Tax Commission (In re McCoy)*, 666 F.3d 924 (5th Cir. 2012). In the meantime, two other circuit courts of appeal have ruled consistent with this Court's prior ruling. *See Fahey v. Mass. Dep't of Revenue (In re Fahey)*, 779 F.3d 1 (1st Cir. 2015); *Mallo v. IRS (In re Mallo)*, 774 F.3d 1313 (10th Cir. 2014). In future matters, this Court intends to adopt the reasoning of the First, Fifth, and Tenth Circuits.

The present matter was appealed to the United States District Court for the Southern District of Florida (the "District Court"). The District Court reversed the ruling of this Court and remanded for this Court to answer "[t]he ultimate question presented in [this] case," which is "whether a late-filed, post-assessment return comports with the 'applicable filing requirements'." Because this Court previously determined that the proper interpretation of 11 U.S.C. § 523(a) is that a late-filed return is not a "return" at all for purposes of the statute, the timing of the IRS's assessments and the Debtor's filing of his late returns was—and, in the Court's view, remains—irrelevant.

After remand, at the request of the parties in this case, the Court stayed this adversary proceeding pending the decision of the Eleventh Circuit Court of Appeals in *Justice*

2

*v. United States (In re Justice)*, No. 15-10273, 2016 WL 1237766 (11th Cir. Mar. 30, 2016), a case from the Middle District of Florida that presented the same issue.  The Eleventh Circuit issued its decision in *Justice* on March 30, 2016.  In *Justice*, the Eleventh Circuit ruled that it did not need to determine whether the so-called bright line test adopted by *McCoy* and this Court is the correct interpretation of the statute, as the outcome in *Justice* would be the same whether or not the Eleventh Circuit adopted the view now prevailing among its sister courts of appeal.

After the Eleventh Circuit issued its decision in *Justice*, the parties here jointly requested a status conference to determine what further proceedings are necessary in this matter.  When the present cross-motions for summary judgment were filed and briefed, it was unclear what legal interpretation would prevail with regard to the definition of "return" in section 523(a).  The decision in *Justice* adds nothing to the state of the law.  The parties had the opportunity to address, and in fact addressed, each of the possible legal theories.  The parties had the opportunity to file affidavits presenting facts supporting those theories.  There is no need, or benefit to the Court, for further briefing in this matter.

The Court turns to the arguments presented in the *Plaintiff's Motion for Final Summary Judgment* [ECF No. 14] and the *United States' Opposition to Plaintiff's Motion for Final Summary Judgment and Cross-Motion for Summary Judgment* [ECF No. 25].

Federal Rule of Civil Procedure 56(a), made applicable to this matter by Federal Rule of Bankruptcy Procedure 7056, provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  "An issue of fact is 'material' if it is a legal element of the claim under the applicable substantive

law which might affect the outcome of the case." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). In considering a motion for summary judgment, the Court must construe all facts and draw all reasonable inferences in the light most favorable to the non-moving party. *Id.*

The moving party has the burden of establishing that there is an absence of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party meets that burden, the burden shifts to the non-movant, who must present specific facts showing that there exists a genuine dispute of material fact. *Walker v. Darby*, 911 F.2d 1573, 1576 (11th Cir. 1990) (citation omitted). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Id.* at 1577 (*citing Anderson*, 477 U.S. at 252).

At the summary judgment stage, the Court will not weigh the evidence or find facts; rather, the Court determines only whether there is sufficient evidence upon which a reasonable juror could find for the non-moving party. *Morrison v. Amway Corp.*, 323 F.3d 920, 924 (11th Cir. 2003).

Jerry M. Johnson (the "Debtor") failed to file timely his federal income tax returns ("Forms 1040") for tax years 1999, 2000, 2001, 2002, 2003, and 2004. As a result, the IRS calculated the Debtor's liability for those years and issued notices of deficiency for all six tax years. The Debtor did not challenge the notices of deficiency in United States Tax Court and so the IRS assessed tax deficiencies against the Debtor.

On March 11, 2010, the IRS sent the Debtor a notice of intent to levy his tax liabilities for the tax years at issue. On June 4, 2010, the Debtor filed Forms 1040 for tax years 2000, 2002, 2003, and 2004. The IRS reviewed the Debtor's Forms 1040 and abated a portion of the tax it had assessed against him for tax years 2000, 2002, 2003, and 2004. The parties

4

dispute the filing dates of the tax documents submitted by the Debtor.  The IRS maintains that the Debtor never filed a Form 1040 for tax years 1999 and 2001.  In his affidavit submitted in support of his motion, the Debtor states that he filed returns with the IRS for tax years 1999 and 2001 on September 26, 2007.  In addition, he states that he filed returns with the IRS for tax year 2000 on September 26, 2007 and June 4, 2010; for tax year 2002 on February 9, 2006; for tax year 2003 on December 20, 2006 and June 4, 2010; and for tax year 2004 on September 26, 2007 and June 4, 2010.  The Debtor also states that his "filing of the returns on the dates noted [] were made in good faith and done so in order to satisfy [his] obligations under the tax laws of the United States."

The Debtor filed a voluntary petition commencing this chapter 7 case on May 8, 2013.  He received a discharge on August 16, 2013.  On January 24, 2014, the Debtor commenced this adversary proceeding to determine the dischargeability of his tax liabilities for the six tax years at issue.

Section[1] 523(a) reads, in pertinent part:

(a) A discharge under section 727…of this title does not discharge an individual debtor from any debt—

(1) for a tax or a customs duty—

(B) with respect to which a return, or equivalent report or notice, if required—

(i) was not filed or given….

11 U.S.C. § 523(a)(1)(B)(i).  If the Debtor's late-filed Forms 1040 do not constitute returns for purposes of this section, then the Debtor's tax debts for such years were not discharged.  The

---

[1] In this Order, the words "section" or "sections" refer to provisions of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, unless otherwise indicated.

Court must decide whether the late-filed Forms 1040 constitute "returns" for purposes of § 523(a)(1)(B)(i).

In 2005, Congress enacted the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA"). BAPCPA added to the end of subsection 523(a) a new, unnumbered paragraph. This hanging paragraph defines the term "return," solely for purposes of subsection 523(a), as "a return that satisfies the requirements of applicable nonbankruptcy law (including applicable filing requirements)."

As noted above, three circuit courts of appeal have determined that the phrase "applicable filing requirements" in this new definition of "return" includes filing deadlines. Courts that follow this approach hold that late-filed tax documents do not comply with "applicable filing requirements" and are not "returns" for purposes of section 523(a). Tax liabilities associated with such late-filed tax documents are thus not subject to discharge. In *Justice, supra*, the Eleventh Circuit did not expressly reject this bright line approach, ruling that even under pre-BAPCPA law the outcome in that case was the same.

Prior to BAPCPA, bankruptcy courts had adopted a four-prong test, previously developed in tax matters, to determine whether a document submitted to the IRS constituted a "return" for purposes of section 523(a). This test, commonly known as the *Beard* test, comes from a tax court decision, *Beard v. Commissioner*, 82 T.C. 766, 777-78, *aff'd*, 793 F.2d 139 (6th Cir. 1986). As adopted by bankruptcy courts, the *Beard* test "establishes four requirements for a document to serve as a tax return: (1) it must purport to be a return; (2) it must be executed under penalty of perjury; (3) it must contain sufficient data to allow calculation of tax; and (4) it must represent an honest and reasonable attempt to satisfy the requirements of the tax law." *Justice*, 2016 WL 1237766, at *1. In *Justice*, the Eleventh Circuit determined to apply the *Beard* test to show that the

6

outcome was the same whether the court relied on the *Beard* test or the bright line test described in *McCoy*.[2]  As in *Justice*, when the *Beard* test is applied in the present case only the fourth prong is at issue in this case—whether the late-filed Forms 1040 represent an honest and reasonable attempt to satisfy the requirements of the tax law.

The facts in this case are substantially similar to those presented in *Justice*.  The Court looks to all of the taxpayer's conduct with respect to the relevant tax years. *Justice*, 2016 WL 1237766, at *6.  "Failure to file a timely return, at least without a legitimate excuse or explanation, evinces the lack of a reasonable effort to comply with the law." *Id.* at *4.  The relevant time frame is the "entire time frame of the taxpayer's action (and inaction), which of course includes the time from the taxpayer's delinquency through the time when the belated return is filed." *Id.*  A belated return filed only after the IRS has produced a substitute for return and issued a notice of deficiency is evidence that the taxpayer did not make a reasonable attempt to comply with the tax law. *Id.* at *5.

Here, though the parties dispute when (and, in the case of tax years 1999 and 2001, if) the Debtor filed Forms 1040 for the six tax years at issue, the dispute is not material. Even if the Court accepts the Debtor's dates of filing, the Debtor filed his Forms 1040 many years late.  As in *Justice*, the Debtor provides no justification for his extreme tardiness. The Debtor's bald statement in his affidavit that his filing of the returns on the purported dates was made in good faith and done in order to satisfy his obligations under the tax laws of the United States is conclusory and does not, by itself, permit the Court to determine that he made an honest and reasonable attempt to satisfy the tax law.  The Debtor

---

[2] In *Wendt v. United States (In re Wendt)*, 512 B.R. 716, 720 (Bankr. S.D. Fla. 2013), this Court held that, in light of the 2005 addition of the term "return" in § 523(a), the *Beard* test no longer applies in cases under § 523(a)(1)(B)(i).

submitted (again using his dates of filing) all Forms 1040 after the IRS issued notices of deficiency. Considering the entire time frame from delinquency through when the belated returns were filed, in the context of this case, the Court holds that the Debtor's late filing of the Forms 1040 do not represent an honest and reasonable attempt to satisfy the requirements of the tax law.  The *Beard* test is not satisfied, which means that the late-filed Forms 1040 do not satisfy the requirements of applicable nonbankruptcy law, and so they are not "returns" for purposes of § 523(a)(1)(B)(i).  For purposes of that statute, the Debtor must be treated as though he did not file tax returns for tax years 1999, 2000, 2001, 2002, 2003, or 2004, and his tax debt for those years was not discharged in his bankruptcy case.

Accordingly, it is ORDERED AND ADJUDGED that:

1.    *Plaintiff's Motion for Final Summary Judgment* [ECF No. 14] is DENIED.

2.    *United States' Opposition to Plaintiff's Motion for Final Summary Judgment and Cross-Motion for Summary Judgment* [ECF No. 25] is GRANTED.

3.    The Court will enter a separate final judgment in favor of the IRS.

### 

Copies Furnished To:

Thomas Vanaskie, Esq.

*Thomas Vanaskie, Esq. is directed to serve a conformed copy of this Order on all appropriate parties and to file a certificate of service.*